**| Respond to Selected Documents**

**Sort Date Entries: Descending Ascending**

**Display Options:** All Entries ⌄

**11/05/2025**

> **Motion Special Process Server**
> Mtn for SPS.
> > **Filed By:** JOHN MATTHEW SIMON
> > **On Behalf Of:** PATRICIA STOGSDILL, SHANE STOGDSILL
>
> **Amended Motion/Petition Filed**
> First Amended Petition.
> > **Filed By:** JOHN MATTHEW SIMON
> > **On Behalf Of:** PATRICIA STOGSDILL, SHANE STOGDSILL

**10/10/2025**

> **Summons Issued-Circuit**
> Document ID: 25-SMCC-16366, for HULING, THOMAS Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.
>
> **Summons Issued-Circuit**
> Document ID: 25-SMCC-16365, for THOMAS S. HULING & DIANA M. HULING REVOCABLE LIVING TRUS Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**09/28/2025**

> **Judge Assigned**
> DIV 3
> **Filing Info Sheet eFiling**
>
> > **Filed By:** JOHN MATTHEW SIMON
> **Confid Filing Info Sheet Filed**
> Civil Cover Sheet - 2 of 2.
> > **Filed By:** JOHN MATTHEW SIMON
> > **On Behalf Of:** PATRICIA STOGSDILL, SHANE STOGDSILL
> **Confid Filing Info Sheet Filed**
> Civil Cover Sheet - 1 of 2.
> > **Filed By:** JOHN MATTHEW SIMON
> > **On Behalf Of:** PATRICIA STOGSDILL, SHANE STOGDSILL
>
> **Motion Special Process Server**
> Mtn for Appointment of SPS.
> > **Filed By:** JOHN MATTHEW SIMON
> > **On Behalf Of:** PATRICIA STOGSDILL, SHANE STOGDSILL
>
> **Pet Filed in Circuit Ct**
> Petition.
> > **Filed By:** JOHN MATTHEW SIMON
> > **On Behalf Of:** PATRICIA STOGSDILL, SHANE STOGDSILL

**25SL-CC10658**

Electronically Filed - St Louis County - September 28, 2025 - 01:27 PM

**MISSOURI CIRCUIT COURT**
**TWENTY- FIRST JUDICIAL CIRCUIT**
**ST. LOUIS COUNTY**

| | |
|---|---|
| **PATRICIA STOGSDILL, individually and as natural mother of SHANE STOGSDILL, Deceased,** | |
| **Plaintiff,** | **Case No.** |
| **v.** | **Division:** |
| **THOMAS HULING, individually and as Trustee of the Thomas S. Huling and Diana M. Huling Revocable Living Trust, Serve:  Thomas Huling** **6 Williamsburg Estates Drive** **Town and Country, MO 63131** | **WRONGFUL DEATH** **JURY TRIAL DEMANDED** |
| **Defendant** | |

## PETITION

Plaintiff Patricia Stogsdill, individually and as natural mother of Shane Stogsdill, deceased, ("Decedent,"), by and through undersigned counsel, and for her claims against Defendant Thomas Huling, individually, and as Trustee of the Huling Thomas S & Diana M Revocable Living Trust ("Defendant"), make the following allegations:

### PARTIES, JURISDICTION, AND VENUE

1.     At all times relevant, Plaintiff Patricia Stogsdill was the natural mother of Decedent, and a citizen and resident of the State of Missouri.

2.     Decedent died on February 13, 2025. He was 45 years old at the time of his death.

3.     Plaintiff is the proper party to bring this action for the wrongful death of her son, Decedent Shane Stogsdill.

4.     Defendant Thomas Huling is an individual and resident of the State of Missouri. At all times relevant, Defendant Huling was the owner of a property located at 6 Williamsburg

1

Electronically Filed - St Louis County - September 28, 2025 - 01:27 PM

Estates, Town and Country, MO 63131 ("the subject property"). The subject property was owned by the Huling Thomas S & Diana M Rev Living Trust ("the trust"), of which Defendant Huling is the trustee. Plaintiff brings these claims and causes of action against Defendant Huling in both his individual capacity and as his capacity of Trustee.

5. At all times relevant, Defendant Huling was an agent of the trust, who in turn acted in the course and scope of his agency.

6. Defendant is subject to personal jurisdiction in Missouri as Defendant is domiciled in the State of Missouri. Defendant committed torts in the state of Missouri and maintains such minimum contacts with the State of Missouri such that the exercise of jurisdiction over Defendant is fair and reasonable.

7. Venue is proper in the Circuit Court of St. Louis County pursuant to Mo. Rev. Stat. § 508.010 because the Decedent was first injured by the wrongful acts and negligent conduct of Defendants in St. Louis County, Missouri.

**FACTUAL ALLEGATIONS**

8. At times relevant, Defendant was the owner of the subject property.

9. Defendant purchased the subject property in 2011.

10. The subject property contained vegetation, including trees, that required regular and routine maintenance so as to protect others from foreseeable harm.

11. Defendant failed to do regular maintenance on the property, including a particular tree, that Defendant allowed to grow into a dangerous condition, including decayed, dead, and lose branches in need of trimming.

12. Defendant hired and retained Jay's Firewood and Mulch to remedy the dangerous condition.

Electronically Filed - St Louis County - September 28, 2025 - 01:27 PM

13. Due to the failure to maintain the trees on a regular basis, Jay's Firewood and Mulch was required to utilize heavy equipment, including to remedy the dangerous condition.

14. Decedent was an employee of Jay's firewood and mulch and was tasked with remedying the dangerous condition of the trees utilizing a 2022 Platform Basket 22.20 Tracked Lift, Serial Number Pb12692 ("the subject platform basket")

15. While Decedent was attempting to trim the tree, due to its dangerous condition, the subject platform basket got caught in the tree branch.

16. When Decedent attempted to move the subject platform basket away from the tree, that had entangled the basket due to the dangerous condition, the basket on the lift completely detached from lift.

17. As a result, Decedent was caused to fall some 40-feet to the ground.

18. As a result of the fall Decedent sustained serious personal injuries, endured conscious pain and suffering, before ultimately succumbing to his injuries and dying.

## COUNT I – NEGLIGENCE
## DEFENDANT HULING

19. Plaintiff incorporates their previous allegations as though fully set forth herein.

20. Defendant owned the subject premises and owed a duty of reasonable care to Decedent, a business invitee, to reasonably and properly construct, repair, maintain, guard, protect, and warn of the dangerous condition of the tree on the subject property, as well as a duty to mitigate known safety risks through conducting regular maintenance on his property.

21. Defendant breached his respective duties in one or more of the following respects:

   a. Defendant negligently and carelessly failed to maintain the trees and vegetation on his property in a reasonably safe condition;

Electronically Filed - St Louis County - September 28, 2025 - 01:27 PM

b.  Defendant negligently and carelessly failed to conduct regular and routine inspections of the trees on the subject property to identify dangerous, decayed, or defective conditions;

c.  Defendant negligently and carelessly allowed the tree at issue to grow into a hazardous and unstable condition, including decayed, dead, and loose branches in need of trimming;

d.  Defendant negligently and carelessly delayed or failed to take reasonable corrective action to address the dangerous condition of the tree before it posed an unreasonable risk of harm;

e.  Defendant negligently and carelessly failed to provide for safe methods or equipment to remedy the dangerous condition that he allowed to develop;

f.  Defendant negligently and carelessly created an unreasonably dangerous condition requiring workers, including Decedent, to use heavy equipment in hazardous proximity to unstable trees and branches;

g.  Defendant negligently and carelessly failed to warn Decedent and others about the known risks and hazards associated with the dangerous condition of the tree;

h.  Defendant negligently and carelessly failed to reasonably mitigate or eliminate the dangerous condition of the tree despite knowledge, or in the exercise of ordinary care should have had knowledge, of the hazard; and

i.  Such further acts of negligence and carelessness as discovery shall reveal.

22.    As a direct and proximate result of the negligent and careless acts of Defendant, Decedent Shane Stogsdill suffered severe injuries and died on February 13, 2025. Decedent suffered severe and needless discomfort, pain, and mental anguish before succumbing to his fatal injuries.

Electronically Filed - St Louis County - September 28, 2025 - 01:27 PM

23.     As a direct and proximate result of the negligent and careless acts of Defendant, and the injuries and death of Decedent, Plaintiff was required to expend, incur and become indebted for medical and other expenses. Further, Plaintiff has suffered personal injuries including but not limited to emotional, psychological and mental distress and has forever lost the love, services, consortium, comfort, instruction, guidance, counsel, and support of Decedent. In addition, Plaintiff is entitled to all damages that Decedent sustained before his death for which Decedent would have been entitled to recover had he lived.

24.     As a result of his injuries and death, Plaintiff has lost the benefit of Decedent's future wages and support.

WHEFORE, Plaintiff pray for judgment against Defendant in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), which is just, fair, and adequate under the circumstances, for aggravating circumstances damages, and for their costs herein expended, and for such other relief as the Court deems just under the circumstances.

**DATED:** September 28, 2025

Respectfully Submitted,

**THE SIMON LAW FIRM, P.C.**

By: */s/ John M. Simon*
     John G. Simon, #35231
     John M. Simon, #68393
     Jared L. Waldhoff, #75799
     Katie E. St. John, #73028
     1001 Highlands Plaza Drive., Suite 300
     St. Louis, Missouri 63110
     jsimon@simonlawpc.com
     jmsimon@simonlawpc.com
     jwaldhoff@simonlawpc.com
     kstjoh@simonlawpc.com
     (314) 241-2929
     (314) 241-2029 / Facsimile

*Attorneys for Plaintiff*

Electronically Filed - St Louis County - September 28, 2025 - 01:27 PM

**25SL-CC10658**

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri

_September 28, 2025_
Date

PATRICIA STOGSDILL individually as as natural mother of SHANE STOGSDILL, deceased
Plaintiff/Petitioner

vs.

_____
Case Number

_____
Division

THOMAS HULING, individually as as Trustee of the THOMAS S. HULING and DIANA M. HULING Revocable Living Trust
Defendant/Respondent

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now __Plaintiff, PATRICIA STOGSDILL individually as as natural mother of SHANE STOGSDILL, deceased__, pursuant
Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

_Markell & Associates, Inc. - 2300 West Port Plaza Dr., St. Louis, MO 63146 - 314-469-555_
Name of Process Server                    Address                                              Telephone

_____
Name of Process Server                    Address or in the Alternative                        Telephone

_____
Name of Process Server                    Address or in the Alternative                        Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
_Thomas Huling_
Name
_6 Williamsburg Estates Drive_
Address
_Town & Country, MO 63131_
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

By _____
Deputy Clerk

_____
Date

_/s/ John M. Simon_
Signature of Attorney/Plaintiff/Petitioner
_68393_
Bar No.
_1001 Highlands Plaza Dr. Suite 300 Stl MO 63110_
Address
_(314) 241-2929_
Phone No.                                    Fax No.

CCADM62-WS    Rev. 07/19

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://wp.stlcountycourts.com > forms.

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS      Rev. 07/19

Electronically Filed - St Louis County - September 28, 2025 - 01:27 PM

**25SL-CC10658**

Electronically Filed - St Louis County - September 28, 2025 - 01:27 PM

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri

September 28, 2025
Date

PATRICIA STOGSDILL individually as as natural mother of SHANE STOGSDILL, deceased
Plaintiff/Petitioner

_____
Case Number

vs.

_____
Division

For File Stamp Only

THOMAS HULING, individually as as Trustee of the THOMAS S. HULING and DIANA M. HULING Revocable Living Trust
Defendant/Respondent

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff, PATRICIA STOGSDILL individually as as natural mother of SHANE STOGSDILL, deceased, pursuant
                     Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

 Markell & Associates, Inc. - 2300 West Port Plaza Dr., St. Louis, MO 63146 - 314-469-555
Name of Process Server                          Address                                              Telephone

_____
Name of Process Server                          Address or in the Alternative                         Telephone

_____
Name of Process Server                          Address or in the Alternative                         Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties.  This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:                                            SERVE:
 Thomas Huling                                    _____
Name                                             Name
 6 Williamsburg Estates Drive                     _____
Address                                          Address
 Town & Country, MO 63131                          _____
City/State/Zip                                    City/State/Zip

SERVE:                                            SERVE:
_____                           _____
Name                                             Name
_____                           _____
Address                                          Address
_____                           _____
City/State/Zip                                    City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

 /s/ John M. Simon
Signature of Attorney/Plaintiff/Petitioner
 68393
Bar No.

By _____ /S/ Adam Dockery _____
   Deputy Clerk

 1001 Highlands Plaza Dr. Suite 300 Stl MO 63110
Address
 (314) 241-2929
Phone No.                                         Fax No.

10/10/2025
Date

CCADM62-WS    Rev. 07/19

Electronically Filed - St Louis County - September 28, 2025 - 01:27 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://wp.stlcountycourts.com > forms.

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS    Rev. 07/19



# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>HEATHER RENE CUNNINGHAM | **Case Number: 25SL-CC10658** |
| Plaintiff/Petitioner:<br>PATRICIA STOGSDILL<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOHN MATTHEW SIMON<br>800 MARKET STREET<br>ST LOUIS, MO  63101 |
| Defendant/Respondent:<br>THOMAS HULING | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Wrongful Death | |

(Date File Stamp for Return)

**The State of Missouri to:**     **THOMAS S. HULING & DIANA M. HULING REVOCABLE LIVING TRUS**
    **Alias:**

**THOMAS HULING**
**6 WILLIAMSBURG ESTATES**
**DRIVE**
**TOWN & COUNTRY, MO**
**63131**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*COURT SEAL OF*



*ST. LOUIS COUNTY*

| | |
|---|---|
| 10-OCT-2025 | /S/ Adam Dockery |
| Date | Clerk |

**Further Information:**
AD

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years of

age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____      _____
       Printed Name of Officer or Server              Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*      My commission expires: _____ _____
                                          Date                    Notary Public

**Service Fees (if applicable)**
Summons                       $_____
Non Est                       $_____
Sheriff's Deputy Salary
Supplemental Surcharge     $\_\_\_\_\_10.00\_\_\_\_
Mileage                       $_____ (_____ miles @ $._____ per mile)
**Total**                     $_____

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.   However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.   Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.   The services are provided by individuals and organizations who may charge a fee for this help.   Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County

Civil Department

105 South Central Avenue, Clayton, MO 63105

Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.

Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.



# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>HEATHER RENE CUNNINGHAM | Case Number: 25SL-CC10658 | |
|---|---|---|
| Plaintiff/Petitioner:<br>PATRICIA STOGSDILL<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOHN MATTHEW SIMON<br>800 MARKET STREET<br>ST LOUIS, MO  63101 | (Date File Stamp for Return) |
| Defendant/Respondent:<br>THOMAS HULING | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | |
| Nature of Suit:<br>CC Wrongful Death | | |

The State of Missouri to:     **THOMAS HULING**
                              **Alias:**

**6 WILLIAMSBURG ESTATES**
**DRIVE**
**TOWN & COUNTRY, MO**
**63131**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*COURT SEAL OF*

*ST. LOUIS COUNTY*

10-OCT-2025
_____
Date

/S/ Adam Dockery
_____
Clerk

**Further Information:**
AD

Case Number: 25SL-CC10658

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years of

age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____          _____
        Printed Name of Officer or Server                          Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*          My commission expires: _____ _____

                                                    Date                          Notary Public

**Service Fees (if applicable)**

Summons                                  $_____
Non Est                                     $_____
Sheriff's Deputy Salary
Supplemental Surcharge     $_____10.00_____
Mileage                                    $_____ (_____ miles @ $._____ per mile)
**Total**                                     $_____

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County

Civil Department

105 South Central Avenue, Clayton, MO 63105

Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.

Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

Electronically Filed - ST LOUIS COUNTY - November 05, 2025 - 05:02 PM

**MISSOURI CIRCUIT COURT**
**TWENTY- FIRST JUDICIAL CIRCUIT**
**ST. LOUIS COUNTY**

| | |
|---|---|
| **PATRICIA STOGSDILL, individually and as natural mother of SHANE STOGSDILL, Deceased,**<br><br>**Plaintiff,**<br><br>v.<br><br>**THOMAS HULING, individually and as Trustee of the Thomas S. Huling and Diana M. Huling Revocable Living Trust,**<br><br>**and**<br><br>**TRACKED LIFTS, LLC**<br>**Serve:  Corporation Service Company**<br>**251 Little Falls Drive**<br>**Wilmington, DE 19808**<br><br><br>**PLATFORM BASKET S.R.L.**<br>**Serve: Ufficio Unico Ufficiali Giudiziari**<br>**presso la Corte d'Appello di Roma**<br>**Ministry of Justice**<br>**Viale Giulio Cesare, 52**<br>**00192 ROMA, Italy**<br><br>**Defendants.** | **Case No. 25SL-CC10658**<br><br>**Division:**<br><br><br>**WRONGFUL DEATH**<br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED PETITION**

Plaintiff Patricia Stogsdill, individually and as natural mother of Shane Stogsdill, deceased, ("Decedent,"), by and through undersigned counsel, and for her claims against Defendant Thomas Huling, individually, and as Trustee of the Thomas S. Huling and Diana M. Huling Revocable Living Trust, Tracked Lifts, LLC, and Platform Basket S.R.L, makes the following allegations:

**PARTIES, JURISDICTION, AND VENUE**

1

Electronically Filed - ST LOUIS COUNTY - November 05, 2025 - 05:02 PM

1.      At all times relevant, Plaintiff Patricia Stogsdill was the natural mother of Decedent, and a citizen and resident of the State of Missouri.

2.      Decedent died on February 13, 2025. He was 45 years old at the time of his death.

3.      Plaintiff is the proper party to bring this action for the wrongful death of her son, Decedent Shane Stogsdill.

4.      Defendant Thomas Huling is an individual and resident of the State of Missouri. At all times relevant, Defendant Huling was the owner of a property located at 6 Williamsburg Estates, Town and Country, MO 63131 ("the subject property").  The subject property was owned by the Huling Thomas S & Diana M Rev Living Trust ("the trust"), of which Defendant Huling is the trustee.  Plaintiff brings these claims and causes of action against Defendant Huling in both his individual capacity and as his capacity of Trustee.

5.      At all times relevant, Defendant Huling was an agent of the trust, who in turn acted in the course and scope of his agency.

6.      Defendant Tracked Lifts, LLC is and was a Delaware limited liability company with its principal place of business in York, Pennsylvania.  At all times relevant, Tracked Lifts, LLC acted by and through its agents, servants, and employees, who in turn acted in the course and scope of their employment.

7.      Defendant Platform Basket S.R.L. is and was an Italian corporation liability company with its principal place of business in Poviglio RE, Italy.  At all times relevant, Defendant Platform Basket S.R.L. acted by and through its agents, servants, and employees, who in turn acted in the course and scope of their employment.

2

Electronically Filed - ST LOUIS COUNTY - November 05, 2025 - 05:02 PM

8.      At all times relevant each Defendant acted as an agent, servant, and/or employee of the other Defendant who in turn acted in the course and scope of their respective agency, servantry, and/or employment.

9.      Defendants are subject to personal jurisdiction in Missouri. Defendant Huling is domiciled in the State of Missouri. Defendants each committed torts in the state of Missouri and maintains such minimum contacts with the State of Missouri such that the exercise of jurisdiction over Defendant is fair and reasonable.

10.     Defendants Tracked Lifts, LLC and Platform Basket S.R.L. have intentionally targeted the State of Missouri with the sale of their aerial lift platforms, including the 2022 Platform Basket 22.20 Tracked Lift, Serial Number Pb12692 ("the subject platform basket") at issue in this case.

11.     Defendants Tracked Lifts, LLC and Platform Basket S.R.L. have jointly worked together to develop a distribution network that targets the entire United States, including Missouri, knowing that their platform baskets will enter every market and state in the United States of America.

12.     Defendants have deliberately cultivated a market for their aerial lift platforms in Missouri by promoting, marketing, and selling their products in this state, establishing channels for providing regular advice to Missouri consumers, and deriving substantial revenue from their Missouri sales.

13.     The claims in this case "arise out of or relate to" Defendants' contacts with Missouri because the subject platform basket entered Missouri through Defendants' established distribution system, and the harm giving rise to this action occurred in Missouri

3

Electronically Filed - ST LOUIS COUNTY - November 05, 2025 - 05:02 PM

14.    Exercising personal jurisdiction over Defendants in Missouri is consistent with traditional notions of fair play and substantial justice, given Defendants' purposeful availment of the Missouri market, the foreseeability that their platform baskets would be used in Missouri, and Missouri's manifest interest in providing a forum for its citizens injured by defective products within its borders.

15.    Venue is proper in the Circuit Court of St. Louis County pursuant to Mo. Rev. Stat. § 508.010 because the Decedent was first injured by the wrongful acts and negligent conduct of Defendants in St. Louis County, Missouri.

## FACTUAL ALLEGATIONS

16.    At times relevant, Defendant was the owner of the subject property.

17.    Defendant purchased the subject property in 2011.

18.    The subject property contained vegetation, including trees, that required regular and routine maintenance so as to protect others from foreseeable harm.

19.    Defendant failed to do regular maintenance on the property, including a particular tree, that Defendant allowed to grow into a dangerous condition, including decayed, dead, and lose branches in need of trimming.

20.    Defendant hired and retained Jay's Firewood and Mulch to remedy the dangerous condition.

21.    Due to the failure to maintain the trees on a regular basis, Jay's Firewood and Mulch was required to utilize heavy equipment, including to remedy the dangerous condition.

22.    Decedent was an employee of Jay's firewood and mulch and was tasked with remedying the dangerous condition of the trees utilizing a 2022 Platform Basket 22.20 Tracked Lift, Serial Number Pb12692 ("the subject platform basket")

4

Electronically Filed - ST LOUIS COUNTY - November 05, 2025 - 05:02 PM

23.    While Decedent was attempting to trim the tree, due to its dangerous condition, the subject platform basket got caught in the tree branch.

24.    When Decedent attempted to move the subject platform basket away from the tree, that had entangled the basket due to the dangerous condition, the basket on the lift completely detached from lift.

25.    As a result, Decedent was caused to fall some 40-feet to the ground.

26.    As a result of the fall Decedent sustained serious personal injuries, endured conscious pain and suffering, before ultimately succumbing to his injuries and dying.

**COUNT I**
**NEGLIGENCE**
**<u>DEFENDANT HULING</u>**

27.    Plaintiff incorporates their previous allegations as though fully set forth herein.

28.    Defendant owned the subject premises and owed a duty of reasonable care to Decedent, a business invitee, to reasonably and properly construct, repair, maintain, guard, protect, and warn of the dangerous condition of the tree on the subject property, as well as a duty to mitigate known safety risks through conducting regular maintenance on his property.

29.    Defendant breached his respective duties in one or more of the following respects:

   a.    Defendant negligently and carelessly failed to maintain the trees and vegetation on his property in a reasonably safe condition;

   b.    Defendant negligently and carelessly failed to conduct regular and routine inspections of the trees on the subject property to identify dangerous, decayed, or defective conditions;

Electronically Filed - ST LOUIS COUNTY - November 05, 2025 - 05:02 PM

c.  Defendant negligently and carelessly allowed the tree at issue to grow into a hazardous and unstable condition, including decayed, dead, and loose branches in need of trimming;

d.  Defendant negligently and carelessly delayed or failed to take reasonable corrective action to address the dangerous condition of the tree before it posed an unreasonable risk of harm;

e.  Defendant negligently and carelessly failed to provide for safe methods or equipment to remedy the dangerous condition that he allowed to develop;

f.  Defendant negligently and carelessly created an unreasonably dangerous condition requiring workers, including Decedent, to use heavy equipment in hazardous proximity to unstable trees and branches;

g.  Defendant negligently and carelessly failed to warn Decedent and others about the known risks and hazards associated with the dangerous condition of the tree;

h.  Defendant negligently and carelessly failed to reasonably mitigate or eliminate the dangerous condition of the tree despite knowledge, or in the exercise of ordinary care should have had knowledge, of the hazard; and

i.  Such further acts of negligence and carelessness as discovery shall reveal.

30.    As a direct and proximate result of the negligent and careless acts of Defendant, Decedent Shane Stogsdill suffered severe injuries and died on February 13, 2025. Decedent suffered severe and needless discomfort, pain, and mental anguish before succumbing to his fatal injuries.

31.    As a direct and proximate result of the negligent and careless acts of Defendant, and the injuries and death of Decedent, Plaintiff was required to expend, incur and become

Electronically Filed - ST LOUIS COUNTY - November 05, 2025 - 05:02 PM

indebted for medical and other expenses. Further, Plaintiff has suffered personal injuries including but not limited to emotional, psychological and mental distress and has forever lost the love, services, consortium, comfort, instruction, guidance, counsel, and support of Decedent. In addition, Plaintiff is entitled to all damages that Decedent sustained before his death for which Decedent would have been entitled to recover had he lived.

32.     As a result of his injuries and death, Plaintiff has lost the benefit of Decedent's future wages and support.

WHEREFORE, Plaintiff pray for judgment against Defendant in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), which is just, fair, and adequate under the circumstances, for aggravating circumstances damages, and for their costs herein expended, and for such other relief as the Court deems just under the circumstances.

**COUNT II**
**NEGLIGENCE**
**DEFENDANT TRACKED LIFTS LLC**

33.     Plaintiff incorporates the above allegations as though fully set forth herein.

34.     At all times relevant, Defendant Tracked Lifts, LLC was engaged in the business of designing, manufacturing, testing, distributing, selling, supplying, and otherwise placing into the stream of commerce aerial lift platforms, including the subject platform basket.

35.     Defendant Tracked Lifts, LLC owed a duty to exercise ordinary in designing, manufacturing, testing, distributing, selling, marketing, supplying, or otherwise selling aerial lift platforms, including the subject platform, so that it was reasonably safe for its intended and foreseeable uses.

36.     Defendant Tracked Lifts, LLC breached that duty in one or more of the following respects:

7

Electronically Filed - ST LOUIS COUNTY - November 05, 2025 - 05:02 PM

a.  Defendant negligently and carelessly designed the subject platform;

b.  Defendant negligently and carelessly manufactured the subject platform;

c.  Defendant negligently failed to test the subject platform;

d.  Defendant negligently and carelessly sold and distributed the subject platform basket in an unreasonably dangerous and defective condition;

e.  Defendant negligently and carelessly failed to properly inspect or test the subject platform basket before selling and distributing it;

f.  Defendant negligently and carelessly failed to warn foreseeable users, including Decedent, of hazards associated with the design and use of the subject platform basket;

g.  Defendant negligently and carelessly used materials of inadequate material strength to adhere the basket to the platform;

h.  Defendant negligently and carelessly failed to provide adequate instructions for the safe use of the subject platform basket;

i.  Defendant negligently and carelessly failed to implement and enforce adequate design review policies, hazard analyses, and failure mode assessments that would have identified foreseeable risks of basket detachment;

j.  Defendant negligently and carelessly failed to monitor, investigate, or respond to reports, complaints, or incidents of failure involving substantially similar aerial lift platforms;

k.  Defendant negligently and carelessly failed to undertake a reasonable post-sale duty to warn, instruct, recall, or retrofit the subject platform basket after learning,

8

Electronically Filed - ST LOUIS COUNTY - November 05, 2025 - 05:02 PM

or in the exercise of ordinary care should have learned, of its unreasonably dangerous condition.

l. Defendant negligently and carelessly failed to adopt or adhere to applicable industry design standards, safety regulations, and best practices governing the design, manufacture, and sale of aerial lift platforms; and

m. Such further negligent acts and omissions as discovery may reveal.

37. As a direct and proximate result of the negligent and careless acts of Defendant, Decedent Shane Stogsdill suffered severe injuries and died on February 13, 2025. Decedent suffered severe and needless discomfort, pain, and mental anguish before succumbing to his fatal injuries.

38. As a direct and proximate result of the negligent and careless acts of Defendant, and the injuries and death of Decedent, Plaintiff was required to expend, incur and become indebted for medical and other expenses. Further, Plaintiff has suffered personal injuries including but not limited to emotional, psychological and mental distress and has forever lost the love, services, consortium, comfort, instruction, guidance, counsel, and support of Decedent. In addition, Plaintiff is entitled to all damages that Decedent sustained before his death for which Decedent would have been entitled to recover had he lived.

39. As a result of his injuries and death, Plaintiff has lost the benefit of Decedent's future wages and support.

40. The conduct of Defendant as described above showed a complete indifference to or conscious disregard for the safety of Plaintiff and others, thereby justifying an award of damages for aggravating circumstances in such sum as will serve to punish Defendants and deter Defendants, and others, from like conduct in the future.

Electronically Filed - ST LOUIS COUNTY - November 05, 2025 - 05:02 PM

WHEFORE, Plaintiff pray for judgment against Defendant in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), which is just, fair, and adequate under the circumstances, for aggravating circumstances damages, and for their costs herein expended, and for such other relief as the Court deems just under the circumstances.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Tracked Lifts, LLC in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), which is just, fair, and adequate under the circumstances, for aggravating circumstances damages, for her costs, and for such other relief as the Court deems just.

**COUNT III**
**STRICT PRODUCT LIABILITY**
**<u>DEFENDANT TRACKED LIFTS LLC</u>**

41.     Plaintiff incorporates the above allegations as though fully set forth herein.

42.     At all times relevant, Defendant Tracked Lifts, LLC was engaged in the business of designing, manufacturing, selling, distributing, and supplying aerial lift platforms, including the subject platform basket.

43.     Defendant Tracked Lifts, LLC placed the subject platform basket into the stream of commerce in the regular course of its business.

44.     At the time of the above-mentioned incident and Decedent's injuries and death, the subject platform basket was in a defective condition and unreasonably dangerous when put to a reasonably anticipated use in that:

   a. The subject platform basket was defectively designed with a single-point base attachment and no upper stabilization, creating a foreseeable lever effect that allowed the basket to detach under ordinary operating forces;

10

Electronically Filed - ST LOUIS COUNTY - November 05, 2025 - 05:02 PM

b.  The subject platform basket was manufactured with thin-walled aluminum and welds that weakened the structure, without adequate design modifications or post-weld treatment to compensate for predictable strength loss;

c.  The subject platform basket contained inadequate safety systems, including a fall-protection tie-off point located on the boom arm rather than the basket, exposing operators to greater danger in the event of detachment;

d.  The subject platform basket contained outrigger and stability systems that were insufficient to prevent hazardous operation when stability was compromised;

e.  The subject platform basket lacked adequate warnings, labels, or instructions to alert users of the foreseeable risk of basket detachment, safe tie-off procedures, or the consequences of foreseeable entanglement with tree limbs;

f.  The subject platform basket failed to incorporate feasible alternative designs, materials, and safety measures—including dual attachment points, stronger materials, or adequate post-weld processes—that were available and would have prevented detachment; and

g.  Such further defects as discovery and evidence will reveal.

45.  The subject platform basket reached Decedent without substantial change in the condition in which it was sold and distributed by Defendant Tracked Lifts, LLC.

46.  Defendant Tracked Lifts, LLC knowingly failed to adequately evaluate the foreseeable uses, foreseeable forces, and known hazards associated with aerial lift baskets before distributing the subject platform basket into the stream of commerce.

47.  As a direct and proximate result of the defective and unreasonably dangerous condition of the subject platform basket, Decedent Shane Stogsdill suffered severe injuries and

11

Electronically Filed - ST LOUIS COUNTY - November 05, 2025 - 05:02 PM

died on February 13, 2025. Decedent suffered severe and needless discomfort, pain, and mental anguish before succumbing to his fatal injuries.

48.     As a direct and proximate result of the defective condition of the subject platform basket and the injuries and death of Decedent, Plaintiff was required to expend, incur, and become indebted for medical and other expenses. Further, Plaintiff has suffered personal injuries including but not limited to emotional, psychological, and mental distress and has forever lost the love, services, consortium, comfort, instruction, guidance, counsel, and support of Decedent. In addition, Plaintiff is entitled to all damages that Decedent sustained before his death for which Decedent would have been entitled to recover had he lived.

49.     As a result of his injuries and death, Plaintiff has lost the benefit of Decedent's future wages and support.

50.     The conduct of Defendant Tracked Lifts, LLC as described above demonstrated willful, wanton, and reckless indifference to the safety of Decedent and others, thereby justifying an award of damages for aggravating circumstances in such sum as will serve to punish Defendant Tracked Lifts, LLC and deter Defendant and others from like conduct in the future.

WHEREFORE, Plaintiff prays for judgment against Defendant Tracked Lifts, LLC in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), which is just, fair, and adequate under the circumstances, for aggravating circumstances damages, for her costs herein expended, and for such other relief as the Court deems just under the circumstances.

**COUNT IV**
**NEGLIGENCE**
**DEFENDANT PLATFORM BASKET S.R.L.**

41.     Plaintiff incorporates the above allegations as though fully set forth herein.

12

Electronically Filed - ST LOUIS COUNTY - November 05, 2025 - 05:02 PM

42.    At all times relevant, Defendant Platform Basket S.R.L. was engaged in the business of designing, engineering, manufacturing, assembling, testing, distributing, supplying, and otherwise placing into the stream of commerce aerial lift platforms, including the subject platform basket.

43.    Defendant Platform Basket S.R.L. owed a duty to exercise ordinary care in designing, engineering, manufacturing, assembling, testing, distributing, supplying, marketing, and otherwise placing aerial lift platforms into the stream of commerce, including the subject platform basket, so that such products were reasonably safe for their intended and foreseeable uses.

44.    Defendant Platform Basket S.R.L. breached that duty in one or more of the following respects:

    a.    Defendant negligently and carelessly designed the subject platform basket with a single-point base attachment and without adequate stabilization, creating foreseeable leverage forces that could cause detachment;

    b.    Defendant negligently and carelessly engineered, manufactured, and assembled the subject platform basket using thin-walled aluminum and welding processes that weakened material strength, without adequate safeguards or post-weld treatment;

    c.    Defendant negligently and carelessly failed to adequately test, inspect, and evaluate the subject platform basket before releasing it into the stream of commerce, including failing to conduct reasonable engineering analysis, destructive testing, or failure mode assessments;

Electronically Filed - ST LOUIS COUNTY - November 05, 2025 - 05:02 PM

d.  Defendant negligently and carelessly sold and distributed the subject platform basket in a defective and unreasonably dangerous condition;

e.  Defendant negligently and carelessly failed to warn foreseeable users, including Decedent, of hazards associated with foreseeable and ordinary use of the subject platform basket, including the risk of basket detachment and entanglement with tree limbs;

f.  Defendant negligently and carelessly failed to provide adequate instructions, manuals, or labeling for the safe use of the subject platform basket, including tie-off procedures and warnings regarding foreseeable hazards;

g.  Defendant negligently and carelessly failed to implement and enforce adequate design review policies, quality control policies, hazard analyses, and safety procedures to identify and correct foreseeable risks of basket detachment

h.  Defendant negligently and carelessly failed to adopt or adhere to applicable industry design standards, engineering practices, and safety regulations governing aerial lift platforms;

i.  Defendant negligently and carelessly failed to monitor, investigate, or respond to reports, complaints, or incidents of failure involving substantially similar aerial lift platforms;

j.  Defendant negligently and carelessly failed to undertake a reasonable post-sale duty to warn, instruct, recall, or retrofit the subject platform basket after learning, or in the exercise of ordinary care should have learned, of its unreasonably dangerous condition.

Electronically Filed - ST LOUIS COUNTY - November 05, 2025 - 05:02 PM

k. Defendant negligently and carelessly failed to incorporate feasible, safer alternative designs, including dual-point attachments, stronger materials, or reinforced joints, that were available and would have prevented the foreseeable failure mode that caused Decedent's death; and

l. Such further negligent acts and omissions as discovery may reveal.

45. As a direct and proximate result of the negligent and careless acts of Defendant, Decedent Shane Stogsdill suffered severe injuries and died on February 13, 2025. Decedent suffered severe and needless discomfort, pain, and mental anguish before succumbing to his fatal injuries.

46. As a direct and proximate result of the negligent and careless acts of Defendant, and the injuries and death of Decedent, Plaintiff was required to expend, incur, and become indebted for medical and other expenses. Further, Plaintiff has suffered personal injuries including but not limited to emotional, psychological, and mental distress and has forever lost the love, services, consortium, comfort, instruction, guidance, counsel, and support of Decedent. In addition, Plaintiff is entitled to all damages that Decedent sustained before his death for which Decedent would have been entitled to recover had he lived.

47. As a result of his injuries and death, Plaintiff has lost the benefit of Decedent's future wages and support.

48. The conduct of Defendant Platform Basket S.R.L. as described above showed a complete indifference to or conscious disregard for the safety of Plaintiff, Decedent, and others, thereby justifying an award of damages for aggravating circumstances in such sum as will serve to punish Defendant and deter Defendant, and others, from like conduct in the future.

Electronically Filed - ST LOUIS COUNTY - November 05, 2025 - 05:02 PM

WHEREFORE, Plaintiff prays for judgment against Defendant Platform Basket S.R.L. in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), which is just, fair, and adequate under the circumstances, for aggravating damage, for her costs herein expended, and for such other relief as the Court deems just under the circumstances.

## COUNT V
## STRICT PRODUCT LIABILITY
## DEFENDANT PLATFORM BASKET S.R.L.

51.    Plaintiff incorporates the above allegations as though fully set forth herein.

52.    At all times relevant, Defendant Platform Basket S.R.L. was engaged in the business of designing, engineering, manufacturing, assembling, selling, distributing, and supplying aerial lift platforms, including the subject platform basket.

53.    Defendant Platform Basket S.R.L. placed the subject platform basket into the stream of commerce in the regular course of its business.

54.    At the time of the above-mentioned incident and Decedent's injuries and death, the subject platform basket was in a defective condition and unreasonably dangerous when put to a reasonably anticipated use in that:

    a.  The subject platform basket was defectively designed with a single-point base attachment and no upper stabilization, creating a foreseeable lever effect that allowed the basket to detach under ordinary operating forces;

    b.  The subject platform basket was engineered, manufactured, and assembled with thin-walled aluminum and welds that weakened the structure, without adequate design modifications or post-weld treatment to compensate for predictable strength loss;

16

Electronically Filed - ST LOUIS COUNTY - November 05, 2025 - 05:02 PM

c.  The subject platform basket contained inadequate safety systems, including a fall-protection tie-off point located on the boom arm rather than the basket, exposing operators to greater danger in the event of detachment;

d.  The subject platform basket contained outrigger and stability systems that were insufficient to prevent hazardous operation when stability was compromised;

e.  The subject platform basket lacked adequate warnings, labels, or instructions to alert users of the foreseeable risk of basket detachment, safe tie-off procedures, or the consequences of foreseeable entanglement with tree limbs;

f.  The subject platform basket failed to incorporate feasible alternative designs, materials, and safety measures—including dual attachment points, stronger materials, reinforced welds, or adequate post-weld processes—that were available and would have prevented detachment; and

g.  Such further defects as discovery and evidence will reveal.

55.  The subject platform basket reached Decedent without substantial change in the condition in which it was designed, manufactured, and placed into the stream of commerce by Defendant Platform Basket S.R.L.

56.  Defendant Platform Basket S.R.L. knowingly failed to adequately evaluate the foreseeable uses, foreseeable forces, and known hazards associated with aerial lift baskets before distributing the subject platform basket into the stream of commerce.

57.  As a direct and proximate result of the defective and unreasonably dangerous condition of the subject platform basket, Decedent Shane Stogsdill suffered severe injuries and died on February 13, 2025. Decedent suffered severe and needless discomfort, pain, and mental anguish before succumbing to his fatal injuries.

17

Electronically Filed - ST LOUIS COUNTY - November 05, 2025 - 05:02 PM

58.     As a direct and proximate result of the defective condition of the subject platform basket and the injuries and death of Decedent, Plaintiff was required to expend, incur, and become indebted for medical and other expenses. Further, Plaintiff has suffered personal injuries including but not limited to emotional, psychological, and mental distress and has forever lost the love, services, consortium, comfort, instruction, guidance, counsel, and support of Decedent. In addition, Plaintiff is entitled to all damages that Decedent sustained before his death for which Decedent would have been entitled to recover had he lived.

59.     As a result of his injuries and death, Plaintiff has lost the benefit of Decedent's future wages and support.

60.     The conduct of Defendant Platform Basket S.R.L. as described above demonstrated willful, wanton, and reckless indifference to the safety of Decedent and others, thereby justifying an award of damages for aggravating circumstances in such sum as will serve to punish Defendant Platform Basket S.R.L. and deter Defendant and others from like conduct in the future.

WHEREFORE, Plaintiff prays for judgment against Defendant Platform Basket S.R.L. in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), which is just, fair, and adequate under the circumstances, for aggravating circumstances damages, for her costs herein expended, and for such other relief as the Court deems just under the circumstances.

**DATED:**  November 5, 2025                    Respectfully Submitted,

18

Electronically Filed - ST LOUIS COUNTY - November 05, 2025 - 05:02 PM

**THE SIMON LAW FIRM, P.C.**

By: */s/ John M. Simon*
    John G. Simon, #35231
    John M. Simon, #68393
    Jared L. Waldhoff, #75799
    Katie. E. St. John, #73028
    1001 Highlands Plaza Drive., Suite 300
    St. Louis, Missouri 63110
    jsimon@simonlawpc.com
    jmsimon@simonlawpc.com
    jwaldhoff@simonlawpc.com
    kstjohn@simonlawpc.com
    (314) 241-2929
    (314) 241-2029 / Facsimile

***Attorneys for Plaintiff***

Electronically Filed - ST LOUIS COUNTY - November 05, 2025 - 05:02 PM

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri



PATRICIA STOGSDILL individually as as natural mother of SHANE STOGSDILL, deceased

Plaintiff/Petitioner

vs.

THOMAS HULING, individually as as Trustee of the THOMAS S. HULING and DIANA M. HULING Revocable Living Trust

Defendant/Respondent

_November 5, 2025_____
Date

_25SL-CC10658_____
Case Number

_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now __Plaintiff, PATRICIA STOGSDILL individually as as natural mother of SHANE STOGSDILL, deceased_, pursuant
Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

_Markell & Associates, Inc. - 2300 West Port Plaza Dr., St. Louis, MO 63146 - 314-469-555_____
Name of Process Server                    Address                                   Telephone

_ABC Legal International Services 206-876-1127_____
Name of Process Server                    Address or in the Alternative              Telephone

_____
Name of Process Server                    Address or in the Alternative              Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
_Tracked Lifts LLC/Corporation Service Company_
Name
_251 Little Falls Drive_____
Address
_Wilmington, DE 19808_____
City/State/Zip

SERVE:
_Platform basket S.R.L. Ministry of Justice__
Name
_Viale Giulio Cesare 52_____
Address
_00192 Roma Italy_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk


By _____
       Deputy Clerk


_____
Date

_/s/ John M. Simon_____
Signature of Attorney/Plaintiff/Petitioner
_68393_____
Bar No.
_1001 Highlands Plaza Dr. Suite 300 Stl MO 63110_
Address
_(314) 241-2929_____
Phone No.                              Fax No.

CCADM62-WS    Rev. 07/19

Electronically Filed - ST LOUIS COUNTY - November 05, 2025 - 05:02 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://wp.stlcountycourts.com > forms.

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS      Rev. 07/19